IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD GARCIA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-09-CV-973-XR |
| § | |
| JOHN E. POTTER, Postmaster General, § | |
| United States Postal Service, § | |
| § | |
| *Defendant*. § | |

**ORDER ON MOTION TO DISMISS & FOR SUMMARY JUDGMENT**

On this day, the Court considered Defendant's Motion to Dismiss and/or for Summary Judgment (Docket Entry No. 6).  Having considered the motion, Plaintiff's response, Defendant's reply, and the pleadings and exhibits on file, the motion is GRANTED IN PART AND DENIED IN PART.

**Background**

Plaintiff Richard Garcia is a 71-year old employee of the United States Postal Service.  He suffered an on-the-job injury on or about December 11, 2001, that required surgery and left him with a restriction from lifting anything heavier than twenty-five pounds.  He asserts that he notified the U.S. Department of Labor, Office of Workers Compensation, which established that he has twenty-four percent (24%) partial use of loss in each arm.

On June 28, 2008, Garcia filed an Equal Employment Opportunity (EEO) discrimination complaint against his first line supervisor Arnold Pena, claiming Pena discriminated against him based on his age and disability.  He claims that the case was mediated on October 23, 2008, but that management failed to follow-up with a meeting regarding Garcia's allegations of a hostile work

environment.

On November 17, 2008, Garcia was involved in an automobile accident while driving a United States Postal Service vehicle, causing minor damage to the agency vehicle. Garcia alleges that on December 8, 2008, and subsequent dates, he was subjected to inspections of his route by supervisors in an effort to document negative information about him. He states that on December 9, 2008, and on subsequent days, second line supervisor Ayda Alderete required him to lift items heavier than twenty-five pounds. He claims that on December 24, 2008, she questioned him about the accident, and he was told that he was a target for more frequent supervision and inspections. He received a letter of warning for "Unsafe Driving resulting in an At-Fault Accident" on December 30, 2008. The letter was rescinded from his personnel file and "reduced to a discussion." Garcia alleges that younger similarly-situated employees who had been involved in accidents were not disciplined.

On January 5, 2009, after coming back from his delivery route, Garcia informed the station's night supervisor that he needed penalty overtime. He claims that he would have been able to "clock out on time" but found no clerk available to turn in registered mail. He states that the supervisors waited three to four minutes to finish their conversations before assisting him. Garcia received a letter of warning for "Unsatisfactory Performance-Failure to Follow Instructions and Unauthorized Overtime" because of the incident. The letter was rescinded from his personnel file and "reduced to a discussion."

On January 12, 2009, Garcia claims he discovered un-delivered mail in a parcel locker on his route, and management failed to take appropriate action to investigate the matter. He speculates that someone placed the mail in his locker for the purpose of accusing him of the infraction.

Garcia filed this suit against Defendant John E. Potter, Postmaster General of the United

States, alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age in Employment Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621; and the "Disability Discrimination Act of 1995."[1]  Garcia alleges that he was discriminated against because of his age and disability, retaliated against because of his prior EEO activity, and subjected to a hostile work environment.

## Procedural History

Defendant moved to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or for summary judgment pursuant to Rule 56(c).[2]  Plaintiff has responded,[3] and Defendant has submitted a reply.[4]

## Legal Standard

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true and construed in the

---

[1] The "Disability Discrimination Act 1995" is an anti-discrimination act passed by the Parliament of the United Kingdom.  The Court will assume that Plaintiff means the "Americans with Disabilities Act of 1990."  Disability claims against the federal government are brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*  For purposes of the motion, Defendant has interpreted Plaintiff's claim be pursuant to the Rehabilitation Act of 1973.

[2] Def.'s Mot. to Dismiss &/or for Summ. J., Feb. 10, 2010 (Docket Entry No. 6).

[3] Pl.'s Resp. to Def.'s Mot. to Dismiss &/or for Summ. J., Mar. 12, 2010 (Docket Entry No. 12).

[4] Reply in Support of Def.'s Mot. to Dismiss &/or for Summ. J., Mar. 22, 2010 (Docket Entry No. 13).

light most favorable to the plaintiff. *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). A complaint must contain "more than labels and conclusions," and factual allegations must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, -- U.S. ---, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

> Pursuant to Rule 12(d):
>
> If, on a motion under Rule 12(b)(6) . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d). "Generally, in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).

Here, Defendant included evidence outside the complaint in his motion to dismiss pursuant to Rule 12(b)(6), but also moved for summary judgment pursuant to Rule 56. Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party fails to meet its burden, then the motion must be denied, regardless of the non-movant's response. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Once the moving party meets its initial burden, the nonmoving party "must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

**Analysis**

*A. The Court's Evaluation of this Motion*

Contrary to Plaintiff's argument that his due process rights are violated because no formal discovery has occurred, a Defendant is entitled to move for summary judgment "at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(c)(1)(A). Contemplating that a party may file a motion for summary judgment early in a proceeding, Rule 56 states that an opposing party may "show[] by affidavit that, for specified reasons, it cannot present facts essential to justify its position . . . ." *Id.* R. 56(f). Garcia has not provided an affidavit and does not argue for relief in accordance with Rule 56(f). In any case, the Court will not grant summary judgment based on Plaintiff's lack of evidence at this stage of the proceeding where Plaintiff has established a viable claim for relief.

*B. Discrimination Based on Age and Disability*

Under the ADEA, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's age." 29 U.S.C. § 623(a)(1).  To prove a disparate treatment claim pursuant to the ADEA, "[a] plaintiff must prove by a preponderance of the evidence . . . that age was the 'but for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs. Inc.*, -- U.S. ---, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009); *see also Cervantez v. KMGP Servs, Co. Inc.*, 349 Fed. Appx. 4 (5th Cir. 2009).

Under the Rehabilitation Act of 1973, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability . . . be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted . . . by the United States Postal Service." 29 U.S.C. § 794(a).  The Rehabilitation Act is the method by which a federal employee may bring a suit for disability discrimination against the federal government.  *Pinkerton v. Spellings*, 529 F.3d 513, 515 (5th Cir. 2008).  The standards to evaluate a claim under the Rehabilitation Act are the same standards used to evaluate a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.*  29 U.S.C. § 794(d); *see also Pinkerton*, 529 F.3d at 516–17.

If the plaintiff produces only circumstantial evidence of discrimination, the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), guides the Court's inquiry.  *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002).  In general, to establish a prima facie case of age discrimination or disability discrimination, a plaintiff must demonstrate the following:  (1) he is a member of a protected class; (2) he possessed the required qualifications for employment in his position; (3) despite his qualifications, he suffered an adverse employment action; and (4) that a member of another class who was similarly-situated was treated more favorably.  *Okoye v. Univ. of Tex. Houston Health Sci.*

*Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (listing standard); *see also Wilson v. City of Baton Rouge*, 327 Fed. Appx. 497, 498 (5th Cir. 2009) (specific to age discrimination claim); *McKay v. Johanns*, 265 Fed. Appx. 267, 268 (5th Cir. 2008) (specific to disability discrimination claim)[5]. Garcia must show that he suffered an adverse employment action to establish a claim for age discrimination or disability discrimination.

Defendant moves to dismiss Garcia's claims for age and disability discrimination, arguing that Garcia fails to plead that he suffered an adverse employment action. (Mot. at 3–5, 6.) While Garcia need not plead a prima facie case at this stage of the proceeding, he must plead enough facts to state a claim for relief that is plausible on its face. *See Dark v. Potter*, 293 Fed. Appx. 254, 258 (5th Cir. 2008). For discrimination claims, the Fifth Circuit recognizes only "ultimate employment decisions" as actionable adverse employment actions. *See McCoy v. City of Shreveport*, 492 F.3d 551, 559–60 (5th Cir. 2007). In his response, Garcia fails to address whether he suffered any adverse employment actions. Rather than present grounds to show that he suffered an adverse employment action, he focuses on the alleged disparate treatment. (Resp. at 9–12.) The disparate treatment he alleges, which addresses the fourth prong of the *McDonnell-Douglas* test, does not constitute an adverse employment action under the second prong of the *McDonnell-Douglas* test. Garcia alleges

---

[5]The Fifth Circuit articulated the standard as applied to the Rehabilitation Act in the following manner:
> To qualify for relief under the Rehabilitation Act, a plaintiff seeking to establish a prima facie case of discrimination must show that (1) that she has a disability; (2) she is an individual qualified for the job in question; (3) she worked for a program or activity receiving Federal financial assistance; and (4) an adverse employment decision was made solely because of this disability.

*McKay v. Johanns*, 265 Fed. Appx. 267, 268 (5th Cir. 2008)

that he was subject to more on-the-job inspections than similarly-situated younger employees, he received two letters of warning that the Post Office later rescinded and removed from his personnel file, he was told to work outside his medical restrictions, he was questioned about the accident involving the agency's vehicle, and he discovered mail in a parcel locker that management did not investigate. None of these items constitute adverse employment actions that would establish a prima facie case for discrimination. *See Clayton v. Rumsfeld*, 106 Fed. Appx. 268, 270 (5th Cir. 2004) (describing activities that were not adverse employment actions, including the issuance of a letter of warning and "possible spying").

Having failed to present any facts to show that a claim for relief is plausible, Garcia's claims for age discrimination under the ADEA and disability discrimination under the Rehabilitation Act are dismissed pursuant to Rule 12(b)(6).

C. *Hostile Work Environment*

Garcia alleges that he was subjected to harassment because of his age, disability, and previous EEO activity. A claim for hostile work environment requires that (1) the plaintiff belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on membership in the protected group; (4) the harassment affected a term, condition, or privilege of employment; and (5) the defendant knew or should have known of the harassment, yet failed to take prompt remedial action. *Flowers v. S. Regional Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001) (regarding disability-based harassment).

As an initial matter, neither the United States Supreme Court nor the Fifth Circuit Court of Appeals has recognized a claim for hostile work environment based on age. Courts have, however, assumed without deciding that such a cause of action exists. *See, e.g., McNealy v. Emerson Elec.*

*Co.*, 121 Fed. Appx. 29, 34 (5th Cir. 2005); *Pennington v. County of Galveston*, No. G-08-148, 2010 WL 569894, at *3 (S.D. Tex. Feb. 11, 2010); *Lacher v. West*, 147 F. Supp. 2d 538, 543 (N.D. Tex. 2001).  Defendant does not move for dismissal or summary judgment on this basis.  (*See* Mot. at 10.) For purposes of this order, the Court will assume *arguendo* that a plaintiff can assert a claim for hostile work environment based on age.

Defendant argues that Garcia does not allege any facts to show he is disabled.[6]  (Mot. at 5–6.) In his complaint, he alleges that he has twenty-four percent (24%) partial loss in each arm and that he is restricted from lifting more than twenty-five pounds (25 lbs.).  (Compl. ¶ 13.)  Under the ADA, a disability is "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ."  42 U.S.C. § 12102(1).  Although Plaintiff does not directly address Defendant's argument, Garcia alleges that his physical impairment prevents him from performing a major life activity.  Moreover, Garcia alleges, and Defendant's evidence supports, that his supervisors were aware of his lifting restriction.  As a result, Garcia has pled sufficient facts to show, at the least, that Defendant regarded him as having an impairment that substantially limits a major life activity.

Garcia states that he was subjected to unwelcome harassment based on his age, disability, and previous EEO history and that Defendant knew or should have known of the harassment.  "In order for harassment to affect a term, condition or privilege of employment, it must be 'sufficiently

---

[6]Defendant argues that any claim brought by Plaintiff as a result of his injury is barred by the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 1801 *et seq*.  Plaintiff responds that he is not bringing a claim related to his injury but subsequent discrimination based on his disability.  (Resp. at 14.)  The Court does not interpret Plaintiff's complaint as an attempt to seek recovery for his on-the-job injury.

severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *McGarry v. Univ. of Miss. Med. Ctr.*, 355 Fed. Appx. 853, 858 (5th Cir. 2009) (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). Defendant argues that Garcia's allegations fail to show that the alleged harassment was sufficiently severe or pervasive to create an objectively hostile work environment. (Mot. at 10.) Although the response sometimes addresses multiple claims at once, the Court has reviewed Plaintiff's entire complaint and response to determine whether he has an actionable claim.[7] Garcia states that he was subjected to multiple route observations after filing his EEO discrimination claim, subjected to daily verbal criticism, told to lift more than his medical restriction allowed, and found unexplained undelivered mail in his locker. Garcia has pled facts sufficient to survive a motion to dismiss that the harassment he experienced was sufficiently severe or pervasive to alter the conditions of his employment. Upon sufficient time for discovery, the Court will consider Defendant's summary judgment evidence that it has a legitimate non-discriminatory basis for the alleged actions. Garcia may proceed on his claim for hostile work environment.

D. *Retaliation*

To establish a prima facie case for retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal nexus existed between the protected activity and the adverse employment action. *Banks v. E. Baton Rough Parish Sch. Bd.*, 320 F.3d 570, 576 (5th Cir. 2003). In a retaliation case, to show an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action

---

[7]Plaintiff's response contains citations to outdated case law from other circuits. Plaintiff is advised to provide the Court with current controlling authority from the United States Supreme Court and Fifth Circuit Court of Appeals where possible.

materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). The alleged adverse event must be "material" because "it is important to separate significant harm from trivial harms." *Id.* Again, Garcia's allegations that he was subjected to multiple route observations after filing his EEO discrimination claim, subjected to daily verbal criticism, told to lift more than his medical restriction allowed, and found undelivered mail in his locker are sufficient to state a claim given that the alleged actions might well have dissuaded a reasonable worker from making or supporting a charge of discrimination. Upon sufficient time for discovery, the Court will consider Defendant's summary judgment evidence that it has a legitimate non-discriminatory basis for the alleged actions. Garcia may proceed on his claim for retaliation.

## Conclusion

Defendant's motion to dismiss and/or for summary judgment is GRANTED IN PART AND DENIED IN PART. Plaintiff's claims for age discrimination and disability discrimination are DISMISSED. Plaintiff may proceed with his claims for hostile work environment and retaliation. The denial of summary judgment is without prejudice.

It is so ORDERED.

SIGNED this 18th day of May, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE